UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------X
WILLIAM FIGUEROA,

              Petitioner,                              MEMORANDUM & ORDER
                                                                      06-CV-4179 (NGG)

       - against -

JAMES J. WALSH, Superintendent,
Sullivan Correctional Facility,

              Respondent.
----------------------------------------------X
GARAUFIS, United States District Judge

      William Figueroa ("Petitioner") brings this habeas corpus petition pursuant to 28 U.S.C. § 2241(c)(3) alleging that he is being held in violation of his federal constitutional rights. Petitioner seeks to overturn his January 9, 1991 conviction for Murder in the Second Degree ("Depraved Indifference Murder"). For the reasons set forth below, the Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit.

**I.     Background**

      On the morning of August 8, 1989, Petitioner fired gunshots from a red Chevrolet Camaro into the home of Maria and Carlos Hernandez. At that moment, Maria was getting ready for work, while Carlos and their three-year-old son were in bed. One of the bullets struck Maria in the head and killed her.

      In the winter of 1991, Petitioner was convicted of Depraved Indifference Murder, Reckless Endangerment in the First Degree, and Criminal Possession of a Weapon in the Second and Third Degree following a jury trial in New York Supreme Court, King's County ("Kings

1

County Supreme Court"). Petitioner was acquitted of Attempted Murder in the Second Degree. On March 13, 1991, Petitioner was sentenced, as a second felony offender, to a term of imprisonment of 37 years to life.

Petitioner has filed numerous appeals from and collateral attacks on his conviction. On August 23, 1991, Petitioner moved the Kings County Supreme Court to vacate its judgment pursuant to N.Y. Pen. L. § 440.10. On January 27, 1992, the motion was denied. In February 1993, Petitioner appealed that denial to the Second Department of the Appellate Division, which consolidated the appeal with petitioner's direct appeal. On March 27, 1995, the Appellate Division unanimously affirmed the judgment of conviction and the January 27, 1992 order. People v. Figueroa, 625 N.Y.S.2d 49 (N.Y. App. Div. 1995). On May 19, 1995, the New York Court of Appeals denied Petitioner's request for leave to appeal. People v. Figueroa, 629 N.Y.S.2d 732 (1995).

On August 8, 1995, Petitioner filed a second motion to vacate judgment pursuant to Section 404.10, which was denied on January 17, 1996. The Appellate Division denied Petitioner's request for leave to appeal on March 27, 1996. On July 9, 1996, Petitioner filed a motion to "preserve issues for Appellate Division review," which was denied by the Kings County Supreme Court on December 6, 1996. Petitioner's request for leave to appeal to the Appellate Division was denied on March 7, 1997.

On April 25, 1997, Petitioner sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of New York. On June 22, 1999, Judge Raggi dismissed the entire petition without prejudice for failure to exhaust certain claims in state court.

On August 20, 1999, Petitioner filed a third motion to vacate the judgment of the Kings County Supreme Court pursuant to Section 404.10. The motion was denied on November 1, 1999. On April 5, 2000, the Appellate Division denied Petitioner's request for leave to appeal.

On January 12, 2000, Petitioner petitioned the Appellate Division for a writ of error coram nobis, which was denied on May 1, 2000. On January 22, 2000, Petitioner again filed a petition in this court for a writ of habeas corpus pursuant to Section 2254, which was denied on February 1, 2001. Figueroa v. Walsh, No. 00-CV-1160 (NGG) (E.D.N.Y. Feb. 1, 2001) (Garaufis, J.). On May 3, 2001, the Second Circuit denied Petitioner's motion for a certificate of appealability; a subsequent motion for a rehearing en banc was also denied.[1] On October 1, 2001, the United States Supreme Court denied a petition for a writ of certiorari. Figueroa v. Walsh, 534 U.S. 929 (2001).

On April 18, 2001, Petitioner again moved the Kings County Supreme Court to vacate his judgment of conviction pursuant to Section 440.10. That motion was denied on October 15, 2001. The Kings County Supreme Court then denied Petitioner's request for leave to appeal on February 7, 2002.

On July 26, 2002, the New York Court of Appeals denied Petitioner's appeal from the Appellate Division's May 1, 2000 order denying his motion for a writ of error coram nobis. On June 17, 2002, Petitioner again sought a writ of error coram nobis in the Appellate Division, which was denied on July 26, 2002. On December 16, 2002, the Kings County Supreme Court denied Petitioner's motion to unseal the minutes of a pretrial conference held on June 5, 1990.

---

[1] The Second Circuit's refusal to issue a certificate of appealability was described in Petitioner's affidavit in support of his application, but could not be found in the public record.

On October 13, 2003, Petitioner again sought a writ of error coram nobis in the Appellate Division, which was denied on March 8, 2004. On January 2, 2004, Petitioner again moved the Kings County Supreme Court to vacate his judgment of conviction pursuant to N.Y. Pen. L. § 441.10(1)(h), claiming that his conviction for Depraved Indifference Murder under N.Y. Pen. L. § 125.26(2) was unconstitutional and that the evidence was legally insufficient to sustain such a conviction. The motion was denied on March 29, 2004. On June 25, 2004, Petitioner again moved the Kings County Supreme Court to vacate its judgment pursuant to Section 441.10(1)(h). On October 25, 2004, that court again denied the motion. On February 5, 2005, Petitioner's request for leave to appeal to the Appellate Division was denied.

On September 7, 2004, the Second Circuit denied Petitioner's request to file a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Figueroa v. Walsh, No. 04-4360-op (2d Cir. Sept. 7, 2004). On November 1, 2004, Petitioner sought a writ of habeas corpus in New York Supreme Court, Sullivan County, which was denied. The denial was affirmed by the Appellate Division on July 28, 2005. On May 25, 2006, the Kings Country Supreme Court again denied a motion to vacate Petitioner's judgment of conviction pursuant to Section 441.10, both on the merits and due to procedural default.

On August 17, 2006, Petitioner filed a *pro se* petition for a writ of habeas corpus relief in this court pursuant to 28 U.S.C. § 2241(c)(3). He claims that he was deprived of his right to a fair trial because the jury was improperly instructed about the legal standard governing Depraved Indifference Murder.

## II. Standard of Review

The standard of review for habeas corpus petitions filed by state prisoners is set forth in 28 U.S.C. § 2254. If a petitioner's claims have been fully adjudicated on the merits in state court, he must show that the state court proceedings–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's decision is contrary to clearly established federal law as determined by the Supreme Court "if the state court applies a rule that contradicts the governing law set forth in [the Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). A state court's decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407.

Accordingly, this court cannot grant the Petitioner's writ if it merely "concludes in its independent judgment that the relevant state-court decision applied clearly established Federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. The Second Circuit has warned, however, that while "[s]ome increment of incorrectness beyond error is required . . . the increment need not be great; otherwise habeas relief would be limited to

5

state court decisions so far off the mark as to suggest judicial incompetence." Francis v. Stone, 221 F.3d 100, 111 (2d Cir. 2000) (citations and quotation marks omitted).

The Supreme Court has held that when challenging a state criminal conviction pursuant to 28 U.S.C. § 2254, "the applicant is entitled to habeas corpus review if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 324 (1979); see also Policano v. Herbert, 430 F.3d 82, 86 (2d Cir. 2005). The standard of review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Policano, 430 F.3d at 87.

## III. Discussion

### A. Petition Brought under 28 U.S.C. § 2241

Petitioner argues that his petition is appropriately characterized as one brought under Section 2241 rather than Section 2254 because he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Despite their overlapping language and the generality of § 2241, the two sections have been construed as 'address[ing] different types of claims.'" Poindexter v. Nash, 333 F.3d 372, 377 (2d Cir. 2003) (quoting Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997)). A petition under Section 2241 is appropriate to challenge the execution of a prisoner's sentence, "such as calculations by the Bureau of Prisons of the credit to be given for other periods of detention, or decisions to deny parole, or conditions of confinement." Poindexter, 333 F.3d at 377; see also Jiminian v. Nash,

245 F.3d 144, 146 (2d Cir. 2001).[2]  Section 2254, on the other hand, is appropriate "to challenge the legality of the *imposition* of a sentence by a court."  Poindexter, 333 F.3d at 377 (quoting Chambers, 106 F.3d at 474 (emphasis in original))).

The Second Circuit has held that "as a general rule, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a Section 2254 application instead."  Cook v. New York State Div. of Parole, 321 F.3d 274, 277 (2d Cir. 2003); see also Hom Sui Ching v. United States, 298 F.3d 174, 176 (2d Cir. 2002).

A prisoner who claims that he is actually innocent may be allowed to file a petition under Section 2241 if Section 2254 fails to provide effective or adequate relief.  Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003).  The Second Circuit has held that Section 2254 is inadequate or ineffective only when "failure to allow for collateral review would raise serious constitutional questions," not merely when a petitioner is procedurally barred from filing an application.  Love v. Menifee, 333 F.3d 69, 73 (2d Cir. 2003) (quoting Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997)).  Thus, a petition nominally brought under Section 2241 that would otherwise fall under Section 2254 may proceed only if the petitioner can (1) show that relief is procedurally unavailable under Section 2254 and (2) "assert a claim of actual innocence that (a) is 'prov[able] . . . on the existing record,' and (b) 'could not have effectively [been] raised . . . at

---

[2] In Jiminian, the court addressed a Section 2255 petition, not a Section 2254 petition.  The Second Circuit has held that, regarding grounds for relief, "Sections 2254 and 2255 are generally seen as *in pari materia*."  Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 816 (2d Cir. 2000).  Therefore, in comparing Section 2241 petitions to Section 2254 petitions, the court will apply reasoning articulated in cases comparing Section 2241 petitions to Section 2255 petitions.

7

an earlier time.'" Poindexter, 333 F.3d at 378 (quoting Triestman, 124 F.3d at 363). A claim of actual innocence is simply a claim that the petitioner did not commit the crime of which he has been convicted. Poindexter, 333 F.3d at 381.

In this case, Petitioner argues that because there was "ample evidence" of an intent to cause death, the jury could not have reasonably convicted him of Depraved Indifference Murder. It therefore appears that Petitioner is arguing against the imposition of his sentence rather than its "execution." See, e.g., Poindexter, 333 F.3d at 377; Jiminian, 245 F.3d at 146. For that reason, his petition falls within the scope of Section 2254, not Section 2241.

Petitioner argues that his application falls under Section 2241(c)(3) because it fits within the exceptions identified in Cephas and Triestman. The court disagrees. There is no indication that Section 2254 would fail to provide adequate relief. Petitioner has not shown that Section 2254 is procedurally unavailable, although it may be the case that Petitioner characterized the instant Petition as one pursuant to Section 2241 in order to avoid the procedural requirements applicable to second or successive petitions pursuant to Section 2254.

Further, there is no evidence that Petitioner states a claim of "actual innocence." Petitioner submits that he fired shots into the Hernandez home as "an act of retaliation," thereby causing the death of Maria Hernandez. Thus, Petitioner argues not that he is innocent of causing the death of Maria Hernandez, but rather that the evidence showed an intent to cause her death, rather than depraved indifference to that result. Finally, Petitioner set forth a similar argument last year in Kings County Supreme Court, arguing that the court should vacate its judgment because the jury could not have reasonably convicted him of Depraved Indifference Murder.

8

This means that Petitioner had the opportunity to raise a claim of actual innocence at an earlier time. See, e.g., Poindexter, 333 F.3d at 378. For all these reasons, the court finds that this petition should be construed as one brought pursuant to Section 2254.

### B. Successive Petitions under 28 U.S.C. § 2254

The court must consider whether Petitioner's January 22, 2000 petition, brought pursuant to Section 2254, precludes him from filing the petition now before the court. Petitioner argues that he has brought a new claim rather than an impermissible second or successive claim because on July 5, 2006, the New York Court of Appeals redefined the elements of Depraved Indifference Murder.

The law regarding second or successive petitions is clear. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed," 28 U.S.C. § 2244(b)(1), unless the petitioner can show that his second petition falls under one of the exceptions set forth in 28 U.S.C. § 2244(b)(2)(A)-(B)(ii). However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Thus, "[t]he district court has no power to entertain a second or successive § 2254 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court." Poindexter, 333 F.3d at 382; see also Nelson v. United States, 115 F.3d 136, 136 (2d Cir. 1997). Instead, the court must transfer the motion to the Second Circuit Court of Appeals. Poindexter, 333 F.3d at 382; see also Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003).

On February 1, 2000, this court denied Petitioner's Section 2254 petition. The court need not address whether the current second or successive Section 2254 petition presents a new claim or whether such a claim fits into any of the exceptions identified in 28 U.S.C. § 2244(b)(2)(A)-(B)(ii). There is no evidence that Petitioner applied to the Second Circuit for an order authorizing this court to consider his second petition. This court has no power to consider Petitioner's second petition under Section 2254 until it receives such an order.

## III. Conclusion

In the interest of justice, the Court TRANSFERS this matter to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; Torres v. Senkowski, 316 F.3d 147, 151 (2d Cir. 2003) (citing Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam)). This order closes the case. If the Circuit authorizes Petitioner to proceed in this matter, Petitioner shall move to reopen the case under this docket number.

Dated: August 8, 2007  
       Brooklyn, N.Y.
       /s/ Nicholas G. Garaufis  
       NICHOLAS G. GARAUFIS  
       United States District Judge